### DOYLE *v*. RECTOR, ETC., OF TRINITY CHURCH.

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

APPEAL—REVIEW—PRESUMPTIONS.

 Where the evidence adduced on the trial is not set out in the case on appeal, it will be presumed that the findings are justified by the evidence. PRATT, J., dissenting.

Appeal from judgment on report of referee.

Action by Thomas Doyle against the Rector of Trinity Church. There was a judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*L. A. Fuller,* for appellant. *S. P. Nash,* for respondent.

DYKMAN, J. The judgment formerly rendered in this action in favor of the defendants was reversed by the court of appeals (23 N. E. Rep. 928) upon errors of law, and now a trial has been had before a referee, and the plaintiff has appealed from the judgment. The testimony is not printed in the case, and it is to be assumed that the facts found are justified by the evidence. That being so, the conclusions of law followed, and the report was justified. The judgment should be affirmed, with costs to the respondent.

BARNARD, P. J., concurs.

PRATT, J., (*dissenting.*) At the request of defendant, the referee found that after the explosion it was agreed between the parties that, if defendants would would supply the new pipe required, Button would do the work required to repair the damages, they claiming he should do it at his own expense. At request of plaintiff, the referee found the further facts that Button disavowed his liability to make the repairs, and did not say he would do it without pay. Taking all the findings together, it appears that the parties came to an agreement as to the practical means by which the injury should be repaired, but did not come to an agreement upon the legal rights of the parties, which were left undecided, and free to be brought into determination by either party. This was the state of facts which appeared before us upon the former appeal in February, 1887, the testimony of the parties being entirely in accord; both parties agreeing in their statement of the negotiation which followed the explosion. It also appeared on that trial, as it appears now, that defendants refused to pay Button for the work already done, unless he made the repairs, and said that, if he did not make them, the defendants would do so, and deduct the expense from the money already earned by Button. Defendants then claimed that Button, by going on under those circumstances to complete the work, lost all right to compensation; that, in legal effect, he agreed to make the repairs without pay, and was bound by his agreement. Upon both those questions this court was of opinion that defendant's contention was wrong; that no agreement to do the work without pay could legally be implied; and that, if such agreement was made, it did not bind Button, as an unjust advantage was taken by defendants of his position. From these views there was no dissent, nor is any expressed by the court of appeals in its opinion found in 118 N. Y. 678, 23 N. E. Rep. 928. On the contrary, it is entirely plain that they must have been adopted; for all the facts now shown appeared without dispute in the record then before the court, testified to by both parties; and, had that court been of the opinion that they constituted a defense to the plaintiff's claim, the judgment then existing in favor of the

defendants directed by the trial court would have been affirmed. The decision made by the appellate court directing a new trial could not have been made, except by holding, as was held below, that the facts upon which the referee's decision is based were no defense. We must be controlled by that decision. It follows that the judgment appealed from should be reversed, with costs to the plaintiff to abide the event, and a new referee substituted.